# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOSE LOPEZ, JR., ET AL. Defendants. | Case No. SACR 16-00113 JLS **ORDER DENYING JOINDER TO MOTION FOR BILL OF PARTICULARS (DOCS. 267 & 277)** |

This matter was heard on March 17, 2017, at which time the Court took the matter under submission. (*See* Doc. 316.) Presently before the Court is the Motion for Bill of Particulars filed by Defendant Quinones. (Doc. 267.) Because Defendant Quinones withdrew the Motion, it is before the Court only to the extent that Defendant Asefi joined in the Motion for Bill of Particulars. (*See* Docs. 277 (Notice of Joinder) & 312 (Defendant Asefi's request for hearing on withdrawn Motion).) As set forth herein, the Court DENIES the relief sought by Defendant Asefi.

## I. Background

On August 31, 2016, the twelve Defendants in this case were indicted on various counts alleging they participated in a conspiracy that involved payment of a series of cash bribes in exchange for favorable resolution of traffic violations pending before the Orange County Superior Court. (Doc. 1.) On February 1, 2017, the Grand Jury returned the First Superseding Indictment ("FSI") with the same charges. (Doc. 209.)

The Motion before the Court seeks a Bill of Particulars as authorized by Federal Rule of Criminal Procedure 7(f) on five points. (Motion at 1-2.) The first two are related to federal bribery charges. These are:

>   A. The "benefits in excess of $10,000" that the Orange County Superior Court received "under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance and other form of Federal assistance."
>
>   B. The manner by which Defendant Jose Lopez, Jr.'s, entry of fraudulent minutes into the Superior Court's online case management system is valued at $5,000 or more.

The other three points are related to the conspiracy charge brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d):

>   C. The alleged contracts between "vendors outside the State of California" and the Orange County Superior Court. (FSI ¶ 1(s).)
>
>   D. The manner in which the Orange County Superior Court "was engaged in, and its activities affected interstate commerce" and/or "foreign commerce." (FSI ¶¶ 3-4.)
>
>   E. The names of all known but unspecified co-

conspirators. (FSI ¶ 4.)

The Court addresses each of these points pursuant to the relevant legal standard.

## II.     Legal Standard

Federal Rule of Criminal Procedure 7(f) authorizes the Court to compel the Government to file a bill of particulars. It provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

Generally, "[a] bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1987). More specifically, the purpose of a bill of particulars is (1) "to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial," (2) "to avoid or minimize the danger of surprise at the time of trial," and (3) related to the Double Jeopardy Clause, to enable a defendant "to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (internal quotation marks and citation omitted). Notably, however, a defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence. *United States v. Giese*, 597 F.2d 1170, 1180-81 (9th Cir. 1979). Instead, "full discovery . . . obviates the need for a bill of particulars." *Id.* at 1180. Therefore, "[i]n determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054.

District courts have broad discretion in deciding whether a bill of particulars is warranted. *Will v. United States*, 389 U.S. 90, 99 (1967); *Long*, 706 F.2d at 1054.

### III. Timeliness

The Government objects to the timeliness of Defendant's Motion. (Opp. at 5-8, Doc. 289.) Rule 7(f) generally requires defense motions to be filed within 14 days. Here, no motion was filed within 14 days of the original Indictment, but the present motion was filed within 14 days of the return of the First Superseding Indictment. (*Compare* FSI (filed on 02/01/17, Doc. 209) *with* Motion (filed 02/14/17, Doc. 267).) The Government contends that the return of the FSI should not extend the deadline for filing. (Opp. at 5-8.) However, the amendments to the Indictment found in the FSI change the language regarding the requirement that bribery charged under federal law be related to entities receiving federal funding. (*See* Order Denying Pretrial Motions at 2, Doc. 299.) Thus, prior to the return of the FSI, Defendant's position was that the bribery counts were insufficiently pleaded. The FSI cured this apparent deficiency, and therefore, at least as to issues A and B, the Court deems the Motion for Bill of Particulars to be within the fourteen-day period referenced in Rule 7(f).

Moreover, although issues C, D, and E, related to the RICO conspiracy, could have been addressed at an earlier date, the Court exercises its discretion to consider these issues on their merits.

### IV. Defendant's Argument Regarding Role of Discovery

Defendant argues that discovery provided by the Government does not eliminate the need for a bill of particulars, relying on *United States v. Davidoff*, 845 F.2d 1151, 1155 (2d Cr. 1998), and *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987). (Motion at 6.) These cases are distinguishable.

In *Davidoff*, the Second Circuit rejected an argument that discovery obviated the need for a bill of particulars where neither the indictment nor the discovery identified the victims of the charged offenses. *Davidoff*, 845 F.2d at 1155. In *Bortnovsky*, neither the indictment nor the discovery identified which among many

4

burglaries were alleged to have been staged (as part of an insurance scam), and therefore the defendant was deprived of the opportunity to prepare a defense. *Bortnovsky*, 820 F.2d at 575 ("The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged.").

Therefore, the Court rejects Defendant's argument that discovery cannot sufficiently clarify the charges. As the Court explains below, the discovery provided in this case eliminates the need for a bill of particulars.

## V. Bribery Charges

The federal bribery statute at issue imposes criminal liability for bribes involving an "organization, government, or agency [that] receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." 18 U.S.C. § 666(b). The term "in any one-year period" is expressly defined as "a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense," which "may include time both before and after the commission of the offense." 18 U.S.C. § 666(d)(5).

The Government claims it has produced discovery that includes the dates and amounts of payments of federal funding to the Orange County Superior Court during the relevant time periods. (Opp. at 14.) In the Reply, Defendant does not dispute that such discovery has been provided. (*See* Reply at 5, Doc. 296.) However, Defendant would like the Government to stipulate to a bill of particulars regarding this element, which would in effect limit the Government's method of proving this element. (*See id.*) The Government has declined. (*Id.*)

Under the relevant standard, Defendant is not entitled to a bill of particulars as to the $10,000 element. The discovery provided regarding the payment of federal

5

funds to the Orange County Superior Court, including the dates and amounts of those payments. The dates of payments relevant to each bribery count are alleged as to each bribery count. In the sole bribery count asserted against Defendant Asefi, the FSI alleges that "[d]uring the one-year period beginning April 26, 2013 and ending April 25, 2014, the OCSC was an agency of a State and local government that received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." (FSI ¶ 29.)

The federal bribery statute also requires that bribery transactions "involve[e] anything of value of $5,000 or more." 18 U.S.C. § 666(a)(2). In its Opposition, the Government argues that the value of the alleged transactions involving Defendant Quinones meet this requirement because they are all equal to or exceed $5000. (*See* Counts 14 ($6,500), 21 ($5,000), 23 ($8,000), 25 ($6,500) & 27 ($8,000).) The same is true for the sole bribery count asserted against Defendant Asefi. (*See* FSI at 16 ("Defendant ASEFI collected $5,000 to $6,000 from K.T.D.").) Defendant would prefer the Government stipulate to a bill of particulars regarding this issue as well, but again, the Government has declined.

Because the Government has disclosed how it assigns a value to the bribery transactions—that is, the $5,000 value requirement is met when the amount of cash exchanged for the resolution or alteration of a given charge is equal to or exceeds $5,000—the legal standard does not require anything further. Specifically, in this instance, Defendant Asefi is sufficiently aware of the nature and details of the bribery charge to prepare a defense, and he has enough information that he will not be unfairly surprised at trial. Additionally, the charge against him is unambiguously based upon a payment received by him on September 20, 2013 from K.T.D.; therefore, no double jeopardy concern is implicated.

The Court therefore DENIES the Motion for Bill of Particulars as to the issues related to the bribery charges (issues A and B).

## VI. Contracts with Out-of-State Vendors and Other Commerce Clause Allegations (Issues C and D)

The RICO conspiracy charge has a commerce clause element. Specifically, an element of the RICO conspiracy charge requires that the RICO enterprise (here, the Orange County Superior Court) be "engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(c). The FSI alleges that the Orange County Superior Court "was engaged in, and its activities affected, interstate commerce." (FSI ¶ 3.)

The Government represents in its Opposition brief that it "produced the contracts with out-of-state vendors that are specifically alleged in paragraph 1(s)." (Opp. at 4.) The Government also identified the receipt of federal funding set forth in paragraph 1(r) as proof of the interstate commerce clause element. (Opp. at 17.)

In his Reply brief, Defendant Quinones asks that "[i]f these are the bases for the allegation that the Superior Court engaged in and its activities affected interstate and foreign commerce, the government should commit itself to this theory by filing a bill of particulars." (Reply at 4.) As noted in the previous section, this is not the function of a bill of particulars. From this response, the Government's theory of the case as to the commerce clause element is clear, and none of the three reasons for ordering a bill of particulars apply.

Therefore, the Court denies the Motion for Bill of Particulars as to the issues related to the "affecting commerce" element of the RICO conspiracy claim (issues C and D).

## VII. Known But Unindicted Co-Conspirators

Finally, the Motion seeks a bill of particulars that identifies all known but unindicted co-conspirators. (Motion at 7.) Specifically, the Motion asks that the Government identify these individuals because part of his trial preparation includes identifying potentially admissible out-of-court statements by another that are non-

hearsay pursuant to Federal Rule of Evidence 801(d)(2)(E).[1] The Government responds that it has provided witness statements in discovery, although witnesses are identified only by their initials in light of incidents of alleged witness tampering in this case.[2] (Opp. at 17 & 19.) By providing witness statements, the Government has most likely identified all the potential statements that could be offered under Rule 801(d)(2)(E).

Even if that were not the case, Ninth Circuit authority establishes that the unidentified co-conspirators need not be identified in this case. Most pointedly, the Ninth Circuit found that a district court did not abuse its discretion in denying a bill of particulars to name unknown co-conspirators where the indictment already specifically identified by name a sufficient number of conspirators to sustain the charges. *See United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985). *Burt* is particularly instructive because a charge against the defendant included the element that he "engage[d] in a series of drug or narcotic violations 'in concert with five or more other persons'" that he supervised. *Id.* at 1366. The district court denied a motion for a bill of particulars to name all other unidentified co-conspirators. *Id.* at 1367. The Ninth Circuit found the district court did not abuse its discretion, in part because the indictment "actually named six supervisees" and therefore "a common sense, practical reading of the indictment would have apprised Burt of the specific charges against him." *Id.* The Northern District recently applied *Burt* under circumstances similar to those found in this case. *United States v. Milburn*, 2007 WL 3101311, at *4 (N.D. Cal. 2007) (denying bill of particulars to identify various unindicted co-conspirators involved in an alleged RICO conspiracy).

Here, there are more than sufficient co-conspirators specifically identified by name to sustain the RICO conspiracy charge. Under this rationale, the Court denies

---

[1] Rule 801(d)(2)(E) excludes from the definition of hearsay those statements offered against the party by a co-conspirator during and in furtherance of the conspiracy.
[2] Neither Defendant Quinones nor Defendant Asefi are charged in the witness tampering counts.

8

the Motion as to the names of the unidentified co-conspirators

## VIII. Conclusion

As set forth herein, the Court DENIES the Motion for Bill of Particulars and Defendant Asefi's joinder therein. (Docs. 267 & 277.)

**IT IS SO ORDERED.**

**DATED:** March 21, 2017

_____
The Hon. Josephine L. Staton
United States District Judge